**Opinion issued October 1, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00634-CV

———————————

## DARRELL LYNELL HORACE, Appellant

## V.

## CHRISTI DIANE HORACE, Appellee

On Appeal from the 310th District Court
Harris County, Texas
Trial Court Case No. 2011-27942

## MEMORANDUM OPINION

Appellant, Darrell Lynell Horace, has neither paid the required fees nor established indigence for purposes of appellate costs. *See* TEX. R. APP. P. 5, 20.1; *see also* TEX. GOV'T CODE ANN. §§ 51.207, 51.941(a), 101.041 (West 2013); Order Regarding Fees Charged in Civil Cases in the Supreme Court and the Courts

of Appeals and Before the Judicial Panel on Multidistrict Litigation, Misc. Docket No. 07-9138 (Tex. Aug. 28, 2007), *reprinted in* TEX. R. APP. P. app. A § B(1). After being notified that this appeal was subject to dismissal, Horace filed a motion to dismiss this appeal. [1] *See* TEX. R. APP. P. 5; 42.3(c).  No other party has filed a notice of appeal, and no opinion has issued.  And, although appellant failed to include a certificate of conference in his motion, more than 10 days have passed and no party has responded to the motion.  *See* TEX. R. APP. P. 10.1(a)(5), 10.3(a).

Accordingly, we grant Horace's motion and dismiss the appeal.  We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

---

[1]     Horace attached an affidavit of indigence to his motion to dismiss this appeal. This affidavit does not constitute an adequate response to our notice that this appeal was subject to dismissal, however, because Horace has previously filed an affidavit of indigence in the trial court, which was contested and for which the trial court issued an order sustaining the contest, and the rules do not allow for the filing of multiple affidavits of indigence.  *See* TEX. R. APP. P. 20.1(c) (requiring affidavit of indigence be filed "with or before the notice of appeal"), 20.1(m) (authorizing appellate court to order party to pay all or portion of appellate costs if party who has proceeded on appeal without prepayment of costs gains ability to pay); *see also* TEX. R. APP. P. 5 (requiring fees be paid "at the time an item is presented for filing"), 35.1 (setting deadline for filing of appellate record), 35.3 (requiring trial court clerk and court reporter to file respective records if party responsible for paying for records has paid appropriate fees).